UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STEVEN WEAVER, II,

    Movant,

v.                                        CASE NO. 8:23-cv-555-WFJ-CPT
                                          CRIM. CASE NO. 8:17-cr-163-WFJ-CPT

UNITED STATES OF AMERICA,

    Respondent.

_____/

## ORDER

Before the Court is the Government's Response in Opposition to Weaver's 28 U.S.C. § 2255 Motion to Vacate (cv Doc. 5) which, among other things, incorporates a motion to dismiss Mr. Weaver's § 2255 motion (see cv Doc. 1) as time-barred. Upon consideration, the motion to dismiss will be granted.

### PROCEDURAL BACKGROUND

On November 1, 2018, pursuant to a plea agreement, Mr. Weaver pleaded guilty to felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) (cr Docs. 42, 43). On February 12, 2019, he was sentenced as an armed career criminal to 180 months in prison followed by 5 years on supervised release (cr Doc. 57; cr Doc. 51, p. 9, ¶ 47). On February 13, 2019, the Judgment was entered (cr Doc. 59). Mr. Weaver did not appeal.

On March 7, 2023, Mr. Weaver filed his § 2255 motion and memorandum in support (cv Docs. 1, 2). The motion raises three grounds for relief:

Ground One: Due Process would require that [Mr. Weaver's] unlawful sentence under the ACCA is vacated [i.e., Prosecutor misconduct], in light of United States v. Jackson, 36 F.4th 1294 (11th Cir. 2022) (second alteration in original);

Ground Two: [Mr. Weaver] is actually innocent of sentence imposed under § 924(c), where he does not have at least three prior convictions for "serious drug offenses" and/or "violent felonies," committed on occasions different from another, as clarified in Wooden v. United States, No. 20-5297, 142 S. Ct. 1063 (March 7, 2022); and

Ground Three: Due Process and the Rule of Lenity demands that [Mr. Weaver's] ACCA sentence is vacated, where the Occasion Clause of § 924(c) is unconstitutionally vague, as clarified in Wooden.

(cv Docs. 1, 2).

## ANALYSIS

The Government moves to dismiss the § 2255 motion as time-barred (cv Doc. 5, pp. 4-5). The Anti-Terrorism and Effective Death Penalty Act (AEDPA) established a limitations period for § 2255 motions. A one-year period of limitations applies to a § 2255 motion and runs from the latest of:

> (1) The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (2) The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant is prevented from filing by such governmental action;
>
> (3) The date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (4) The date on which the facts supporting the claim or claims could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). "The § 2255(f) statute of limitations requires a claim-by-claim approach to determine timeliness." *Beeman v. United States*, 871 F.3d 1215, 1219 (11th Cir. 2017) (citation and internal quotation marks omitted).

### 1. Section 2255(f)(1)

Mr. Weaver's judgment of conviction became final on February 27, 2019, fourteen days after judgment was entered (on February 13, 2019) and the time to file a notice of direct appeal expired. See Fed.R.Civ.P. 4(b)(1)(A)(i); *Adams v. United States*, 173 F.3d 1339, 1342 n.2 (11th Cir. 1999) (when a defendant does not file a direct appeal, conviction becomes final when time to do so expires). Thus, because Mr. Weaver filed his § 2255 motion on March 7, 2023, none of his claims are timely under § 2255(f)(1).

### 2. Section 2255(f)(2)

Mr. Weaver does not allege, much less establish, any unconstitutional or illegal action by the government that prevented him from making his § 2255 motion. Accordingly, the motion is untimely under § 2255(f)(2).

### 3. Section 2255(f)(3)

Mr. Weaver argues his § 2255 motion is timely because it was filed within one year of the decisions in *United States v. Jackson*, 36 F.4th 1294 (11th Cir. 2022) and *United States v. Wooden*, 142 S.Ct. 1063 (2022) (*see* cv Doc. 2, p. 4). The § 2255 motion cannot be timely under *Jackson* because it is an Eleventh Circuit Court of Appeals' decision. Section 2255(f)(3)

applies only to new rights "recognized by the Supreme Court"—not the Eleventh Circuit or any other court. *See, e.g., United States v. Thompson*, 2022 WL 245946, at *2 (10th Cir. Jan. 27, 2022) (Section 2255(f)(3) applies only where the right on which the claim relies was newly recognized by the Supreme Court).

*Wooden* likewise does not extend the limitations period under § 2255(f)(3) because it announced no newly recognized right. Rather, *Wooden* merely clarified the meaning of the Armed Career Criminal Act's ("ACCA") "occasions clause." *Id.* at 1074. *See also Alston v. United States*, 2023 WL 2974174, at *11 (M.D. Fla. Apr. 17, 2023) ("*Wooden* does not extend the limitations period under § 2255(f)(3) because it did not announce a newly recognized right.") (citing 28 U.S.C. § 2255(f)(3)). Accordingly, the motion is untimely under § 2255(f)(3).

4. Section 2255(f)(4)

Mr. Weaver argues that considering the decisions in *Jackson* and *Wooden*, his § 2255 motion is timely under § 2255(f)(4). However, "the discovery of a new court legal opinion, as opposed to new factual information affecting the claim, does not trigger the limitations period [under § 2255(f)(4)]." *Madaio v. United States*, 397 F. App'x 568, 570 (11th Cir. 2010). Neither the decision in *Jackson* nor the decision in *Wooden* is a new fact for the purposes of timeliness under § 2255(f)(4). *See Bazemore v. United States*, 595 F. App'x 869, 873 (11th Cir. 2014) ("The plain language of the statute refers to 'facts,' and the [*Jackson* and *Wooden*] decision[s] [are] legal opinion[s], not a new fact.") (citing 28 U.S.C. § 2255(f)(4)).

4

Mr. Weaver also argues he could not have known his prior convictions for trafficking in cocaine and delivery of cocaine were not "serious drug offenses" under the ACCA until the decision in *Jackson* revealed the federal government struck ioflupane from the controlled substance schedule (cv Doc. 2, p. 2).[1] But, as Mr. Weaver concedes, ioflupane was exempted from the controlled substance schedule in September 2015 (*Id.*). *See Jackson*, 36 F.4th at 1301-02. Thus, several years elapsed from when with due diligence, Mr. Weaver could have discovered ioflupane was exempted from the controlled substance schedule.[2] Therefore, Mr. Weaver fails to meet his "burden to show that he filed his [§ 2255] motion within one of the four one-year limitation periods." *Harris v. United States*, 737 F. App'x 974, 976 (11th Cir. 2018) (citing *Rivers v. United States*, 777 F.3d 1306, 1316 (11th Cir. 2015) (holding that the movant has the burden of providing entitlement to relief in a habeas proceeding)).

5. Mr. Weaver fails to present a tenable claim of actual innocence

Mr. Weaver argues that even if his § 2255 motion is untimely, he is entitled to a review of his claims because he is actually innocent of his enhanced sentence under the ACCA (cv Doc. 2 at pp. 4-5). Actual innocence, if proved, serves as a gateway through which a habeas petitioner may pass to overcome a statute of limitations bar to consideration of the merits of his claims. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). "[A] petitioner does not meet the

---

[1] Ioflupane is a "cocaine related substance[]." *United States v. Jackson*, 55 F.4th 846, 851 (11th Cir. 2022), *cert. granted*, 143 S. Ct. 2457 (2023).

[2] Mr. Weaver fails to explain why he could not have discovered ioflupane was exempted from the Controlled Substance Act earlier with due diligence.

threshold requirement unless he persuades the district court that, in light of. . .new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id*. at 386 (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

Mr. Weaver presents no new evidence, let alone new evidence persuading the Court that no reasonable juror would find him guilty of his conviction. Thus, he fails to present a colorable claim showing he is actually innocent.

Mr. Weaver contends he is actually innocent of his enhanced sentence under the ACCA because under *Jackson*, neither of the prior drug convictions used to enhance his sentence is a "serious drug offense" under the ACCA.[3] This argument presents a claim of legal innocence not factual innocence because Mr. Weaver fails to allege or show he is factually innocent of either prior state drug offense used to enhance his federal sentence. *See United States v. Torres*, 2022 WL 894545, at *4 (11th Cir. Mar. 28, 2022) ("[W]e do not 'extend the actual innocence of sentence exception to claims of legal innocence of a predicate offense justifying an enhanced sentence.'") (quoting *McKay v. United States*, 657 F.3d 1190, 1199

---

[3] The ACCA imposes an enhanced sentence of 15 years to life in prison for a convicted felon in possession of a firearm who has "three previous convictions ... for a violent felony or a serious drug offense, or both, committed on occasions different from one another[.]" 18 U.S.C. § 924(e)(1). Mr. Weaver's sentence was enhanced under the ACCA based on his prior felony convictions for delivery of cocaine in 2002, trafficking in cocaine in 2003, and aggravated battery with a deadly weapon in 2011 (cr Doc. 51, p. 9, ¶ 47).

6

(11th Cir. 2011)). Thus, this argument is insufficient to support a claim that Mr. Weaver is actually innocent of his sentence.

Even if the actual innocence of sentence exception was extended to Mr. Weaver's claim, it would fail. Mr. Weaver relies on *Jackson* to support his claim. But *Jackson* was superseded by *United States v. Eugene Jackson*, 55 F.4th 846, 851–54 (11th Cir. 2022) ("*Jackson II*") which held that "ACCA's 'serious drug offense' definition incorporates the version of the controlled substances list in effect when the defendant was convicted of his prior state drug offense." *Id*. at 849. There, the defendant had ioflupane-related drug convictions that served as the basis for his ACCA enhancement. However, the federal government subsequently struck ioflupane from the controlled substance schedule in 2015. *Id*. Shortly after the federal removal, Florida removed ioflupane from their state-controlled substance list on July 1, 2017. *Id*. But because ioflupane was a controlled substance at the time of the defendant's ioflupane-related convictions, his ACCA enhancement based on those convictions was valid. This is relevant to Mr. Weaver's claim, as his previous drug convictions were in 2002 and 2003, well before ioflupane was removed from the federal controlled substance schedule in 2015 (cr Doc. 51, p. 12, ¶¶ 56, 57). Therefore, under *Jackson II*, Mr. Weaver's prior drug convictions remain "serious drug offenses" under the ACCA.[4]

---

[4] Case law establishes that trafficking in cocaine and delivery of cocaine in Florida are "serious drug offenses" under the ACCA. *See United States v. Pugh,* 2023 WL 1156698, at *1 (11th Cir. Jan. 31, 2023) (trafficking in cocaine "qualifies as a serious drug offense for purposes of the ACCA"); *United States v. White*, 828 F. App'x 557, 559 (11th Cir. 2020) (Florida conviction for sale or delivery of cocaine qualifies as "serious drug offense" under the ACCA).

Mr. Weaver likewise fails to show he is actually innocent of his sentence under *Wooden*. In *Wooden*, the Supreme Court held that the defendant's ten convictions arising from burglary of ten units in a single storage facility on the same day did not occur on different "occasions" and counted only as one prior conviction for purposes of the ACCA. *Id.*, 142 S. Ct. at 1074. Mr. Weaver's offenses, on the other hand, were committed on occasions different from one another (2002, 2003, and 2011). *See United States v. Pope*, 132 F.3d 684, 690 (11th Cir. 1998) ("Distinctions in time and place are usually sufficient to separate criminal episodes from one another."). Therefore, Mr. Weaver was properly sentenced as an armed career criminal because when he possessed the firearm, he had three prior convictions for either a violent felony or a serious drug offense committed on occasions different from one another.

In sum, Mr. Weaver fails to demonstrate he is actually innocent either of his conviction or his sentence. His § 2255 motion is therefore time-barred.[5]

Accordingly:

1. The Government's motion to dismiss (cv Doc. 5) is **GRANTED**. Mr. Weaver's § 2255 motion (cv Doc. 1) is **DISMISSED** as time-barred.

2. The **Clerk** must enter judgment against Mr. Weaver and close this case.

---

[5] In any event, even if any of Mr. Weaver's claims are timely, he would not be entitled to relief, on the merits of his claims, for the reasons set forth in the Government's response (cv Doc. 5 at pp. 6-13).

## CERTIFICATE OF APPEALABILITY AND LEAVE TO PROCEED ON APPEAL IN FORMA PAUPERIS DENIED

Mr. Weaver has no absolute right to appeal the dismissal of his § 2255 motion. 28 U.S.C. § 2253(c)(1). The district court must first issue a certificate of appealability. Id. A certificate of appealability will issue only if the movant makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Generally, the movant must demonstrate that reasonable jurists would find this Court's assessment of the constitutional claims debatable or wrong. *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quotation omitted), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

Where, as here, claims have been rejected on procedural grounds, the movant must show that "jurists of reason would find it debatable whether the [§ 2255 motion] states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*.; *Webster v. Moore*, 199 F.3d 1256, 1257 n. 2 (11th Cir. 2000) (dismissal of habeas petition as time-barred is procedural). Mr. Weaver cannot make that showing. And since he is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**ORDERED** in Tampa, Florida, on August 3, 2023.

_____
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

Copies to:
Steven Weaver, II, *pro se*
Counsel of Record